**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **ERNESTINE BOLIN and** | **CIVIL ACTION** |
| **ROBERT BOLIN** | |
| | |
| **VERSUS** | **NO. 19-11176** |
| | |
| **LOWE'S HOME CENTERS, L.L.C., ET AL.** | **SECTION: "G"** |

## ORDER AND REASONS

In this litigation, Plaintiffs Ernestine Bolin ("Ms. Bolin") and Robert Bolin ("Mr. Bolin") (collectively, "Plaintiffs") bring suit against Lowe's Home Centers, L.L.C. (Lowe's), Stanley Access Technologies, L.L.C. ("Stanley"), and DH Pace Company, Inc. ("DH Pace") (collectively, "Defendants"). Plaintiffs allege that Ms. Bolin was injured when automatic doors at a Lowe's store in Jefferson, Louisiana, closed on her and caused her to fall.[1] Before the Court is Lowe's "Motion for Summary Judgment."[2] Plaintiffs have not filed an opposition to the instant motion and therefore the motion is deemed unopposed. Considering the motion, the memoranda in support, the record, and the applicable law, the Court grants the motion.

## I. Background

On April 22, 2019, Plaintiffs filed a Petition against Lowe's and Stanley in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana.[3] On June 12, 2019, Defendants removed the case to this Court asserting diversity jurisdiction pursuant to 28 U.S.C.

---

[1] Rec. Doc. 1-4; Rec. Doc. 20.

[2] Rec. Doc. 41.

[3] Rec. Doc. 1-4.

§ 1332.[4] On December 18, 2019, Plaintiffs filed a First Amended and Supplemental Complaint, adding DH Pace as a defendant.[5]

In the Amended Complaint, Plaintiffs allege that they went to a Lowe's store in Jefferson, Louisiana, on April 28, 2018.[6] Plaintiffs claim that Ms. Bolin attempted to walk to Lowe's outdoor garden center through open automatic doors but that the doors closed as she was walking through.[7] Plaintiffs assert that the closing doors hit Ms. Bolin, causing her to fall and injure her head and right hip.[8] Plaintiffs allege that Ms. Bolin was taken by an ambulance to the emergency room where it was determined that Ms. Bolin's hip was broken and needed to be replaced, and that she required several stitches on her head.[9]

Plaintiffs seek damages for Ms. Bolin's physical injuries, pain and suffering, emotional trauma, and loss of enjoyment of life, as well as Mr. Bolin's loss of consortium and mental anguish from witnessing the alleged incident.[10] Plaintiffs bring claims against Lowe's as the alleged premises owner or lessee, Stanley as the company allegedly "responsible for the manufacture and installation . . . of the automatic doors where Ms. Bolin fell," and DH Pace as the company allegedly responsible for the servicing of the automatic doors.[11]

On December 3, 2020, Lowe's filed the instant motion for summary judgment.[12] Pursuant

---

[4] Rec. Doc. 1.

[5] Rec. Doc. 20.

[6] *Id.* at 2.

[7] *Id.* at 3.

[8] *Id.*

[9] *Id.*

[10] *Id.* at 7.

[11] *Id.* at 3–7.

[12] Rec. Doc. 41.

to Local Rule 7.5, any opposition to the motion was due eight days before the noticed submission date.[13] Plaintiffs have not filed an opposition to the instant motion and therefore the motion is deemed unopposed. Plaintiffs further indicated in an email to the Court and all counsel of record that they do not oppose the instant motion.[14] A federal district court may grant an unopposed motion if the motion has merit.[15]

## II. Lowe's Arguments in Support of the Motion

Lowe's urges this Court to grant the instant motion for summary judgment because, Lowe's argues, there is no genuine issue of material fact in dispute as to its liability under either Louisiana Civil Code Article 2317.1 or Louisiana Revised Statute § 9:2800.6.[16] Lowe's argues that to bring a valid claim under either statute, Plaintiffs "must first prove that [Lowe's] had, or should have had, some sort of knowledge of the condition which caused their injury."[17] Lowe's contends that Plaintiffs cannot meet this burden.

First, to prove liability for a product defect under Louisiana Civil Code Article 2317.1, Lowe's asserts that Plaintiffs must prove "(1) the [sensor] was in [Lowe's] custody or control; (2) it had a vice or defect that presented an unreasonable risk of harm; (3) [Lowe's] knew or should have known of the unreasonable risk of harm, and (4) the damage was caused by the defect."[18] Lowe's argues that Plaintiffs cannot meet this standard because they can "offer no evidence to show that Lowe's had actual or constructive knowledge of an allegedly defective automatic

---

[13] See EDLA Local Rule 7.5.

[14] See Exhibit A.

[15] See Braly v. Trail, 254 F.3d 1082 (5th Cir. 2001).

[16] Rec. Doc. 41-1.

[17] Id. at 7.

[18] Id. at 6.

sensor" in the automatic doors that caused Ms. Bolin's injury.[19] Lowe's asserts that a party is held to have constructive knowledge only if "the conditions that caused the injury existed for such a period of time that those responsible, by the exercise of ordinary care and diligence, must have known of their existence in general and could have guarded the public from injury."[20] Lowe's argues that it was unaware of any defect in the door's sensor because DH Pace "certified the doors as industry compliant" and because Lowe's had not received any complaints about the doors for the entirety of the three years preceding Ms. Bolin's alleged injury or on the day of the alleged injury.[21] Lowe's contends that many customers, including Plaintiffs themselves, entered through the automatic doors on the day in question and noticed no issues.[22]

Second, to prove liability for a fall on store premises under Louisiana Revised Statute § 9:2800.6, Lowe's argues that Plaintiffs must prove that "(1) a fall occurred on [Lowe's] premises due to a condition which presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable; (2) [Lowe's] either created the condition or had actual or constructive notice of the condition prior to the occurrence; and (3) [Lowe's] failed to exercise reasonable care."[23] Lowe's contends that Plaintiffs cannot meet this burden because Plaintiffs cannot prove that Lowe's created the sensor or that Lowe's had actual or constructive notice of its alleged defect.[24] Lowe's claims that Plaintiffs fail to provide any evidence that the alleged "damage-causing condition existed for some period of time" such that Lowe's had

---

[19] *Id.* at 7.

[20] *Id.* (quoting *Thibodeaux v. Allstate Ins. Co.*, 293 So. 3d 797, 805 (La. App. 5th Cir. 2020)).

[21] *Id.* at 8–9.

[22] *Id.* at 11.

[23] *Id.* at 6.

[24] *Id.* at 12.

constructive notice of the condition.[25] Lowe's contends that, without evidence that the doors had been malfunctioning for at least some period of time, Plaintiffs "cannot establish a genuine issue of material fact" on the merchant liability claim.[26]

Plaintiffs have not presented any evidence to contradict Lowe's assertions. Moreover, Plaintiffs have represented to the Court that they do not oppose the instant motion.[27]

### III. Legal Standard for Summary Judgment

Summary judgment is appropriate when the pleadings, discovery, and affidavits demonstrate "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[28] To decide whether a genuine dispute as to any material fact exists, the court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence."[29] All reasonable inferences are drawn in favor of the nonmoving party. Yet "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment."[30] If the entire record "could not lead a rational trier of fact to find for the non-moving party," then no genuine issue of fact exists and, consequently, the moving party is entitled to judgment as a matter of law.[31] The nonmoving party may not rest upon the pleadings.[32] Instead, the nonmoving

---

[25] *Id.*

[26] *Id.* at 13–14.

[27] *See* Exhibit A.

[28] Fed. R. Civ. P. 56(a); *see also Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

[29] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398–99 (5th Cir. 2008).

[30] *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985); *Little*, 37 F.3d at 1075.

[31] *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

[32] *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

party must identify specific facts in the record and articulate the precise manner in which that evidence establishes a genuine issue for trial.[33]

The party seeking summary judgment always bears the initial responsibility of showing the basis for its motion and identifying record evidence that demonstrates the absence of a genuine issue of material fact.[34] "To satisfy this burden, the movant may either (1) submit evidentiary documents that negate the existence of some material element of the opponent's claim or defense, or (2) if the crucial issue is one on which the opponent will bear the ultimate burden of proof at trial, demonstrate that the evidence in the record insufficiently supports an essential element of the opponent's claim or defense."[35] If the moving party satisfies its initial burden, the burden shifts to the nonmoving party to "identify specific evidence in the record, and to articulate" precisely how that evidence supports the nonmoving party's claims.[36] The nonmoving party must set forth "specific facts showing the existence of a 'genuine' issue concerning every essential component of its case."[37]

The nonmovant's burden of demonstrating a genuine issue of material fact is not satisfied merely by creating "some metaphysical doubt as to the material facts," "by conclusory allegations," by "unsubstantiated assertions," or "by only a scintilla of evidence."[38] Moreover, the nonmoving party may not rest upon mere allegations or denials in its pleadings.[39] Hearsay

---

[33] *See id.*; *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).

[34] *Celotex*, 477 U.S. at 323.

[35] *Duplantis v. Shell Offshore, Inc.*, 948 F.2d 187, 190 (5th Cir. 1991) (quoting *Little*, 939 F.2d at 1299).

[36] *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994), *cert. denied*, 513 U.S. 871 (1994); *see also Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998).

[37] *Morris*, 144 F.3d at 380; *see also Bellard v. Gautreaux*, 675 F.3d 454, 460 (5th Cir. 2012).

[38] *Little*, 37 F.3d at 1075 (internal citations omitted).

[39] *Morris*, 144 F.3d at 380.

evidence and unsworn documents that cannot be presented in a form that would be admissible in evidence at trial do not qualify as competent opposing evidence.

## IV. Analysis

Lowe's urges this Court to grant its motion for summary judgment because there is no genuine issue of material fact in dispute and it is entitled to judgment as a matter of law for claims brought under either Louisiana Civil Code Article 2317.1 or Louisiana Revised Statute § 9:2800.6.[40] Lowe's argues that to bring a valid claim under either statute, Plaintiffs "must first prove that [Lowe's] had, or should have had, some sort of knowledge of the condition which caused their injury."[41] Lowe's contends that Plaintiffs cannot show the requisite knowledge under either statute.

There are two Louisiana statutes governing premise liability: Louisiana Civil Code Article 2713.1 and Louisiana Revised Statute § 9:2800.6.[42] A claim may be brought under both statutes when an individual is injured by a defect on store premises.[43] Louisiana Civil Code Article 2317.1 "provides the negligence standard for damages caused by defects in things" in the custody of a party:[44]

> The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care. Nothing in this Article shall preclude the court from the application of the doctrine of res ipsa loquitur in an appropriate case.

---

[40] Rec. Doc. 41-1.

[41] *Id.* at 7.

[42] *Jones v. Bank One Corp.*, No. 03-0925, 2004 WL 439894, at *1 (E.D. La. Mar. 8, 2004) (Porteous, J.).

[43] *Capriotti v. Brookshire Grocery Co.*, No. 18 -00304, 2019 WL 2611037, at *3 (W.D. La. June 25, 2019).

[44] *Geraci v. Ryan's Family Steak Houses, E., Inc.*, No. 04-3041, 2005 WL 8174013, at *2 (E.D. La. Nov. 10, 2005) (Feldman, J.).

To prevail on a custodial liability claim under Louisiana Civil Code Article 2317.1 a plaintiff must demonstrate: (1) the object that caused injury was in the defendant's custody; (2) the object contained a vice or defect which presented an unreasonable risk of harm to others; (3) the defective conditions caused the damage; (4) the defendant knew or should have known of the defect; (5) the damage could have been prevented by the exercise of reasonable care; and (6) the defendant failed to exercise such reasonable care.[45]

Louisiana Revised Statute § 9:2800.6 provides the negligence standard for claims brought by an individual against a merchant for injuries sustained by a fall on store grounds.[46] It provides, in pertinent part:

> B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
> (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
> (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
> (3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.

To succeed on a merchant liability claim, the plaintiff must prove all three elements of the statute.[47] Therefore, even if the plaintiff prevails on the "risk of harm" and "reasonable care" elements, it may not sustain a negligence cause of action unless it can also prove that the merchant had actual or constructive notice of the condition that caused the damage.[48]

---

[45] *Cormier v. Dolgencorp, Inc.*, 136 F. App'x 627, 628 (5th Cir. 2005).

[46] *Geraci*, 2005 WL 8174013, at *2.

[47] **Error! Main Document Only.***White v. Wal-Mart Stores, Inc.*, 97-0393 (La. 9/9/97), 699 So. 2d 1081, 1084.

[48] *See id.*

Lowe's contends that Plaintiffs cannot meet the notice requirement of either statute because Plaintiffs cannot show that Lowe's had actual or constructive knowledge of any issues related to the automatic doors' sensor. To prove that Lowe's had constructive knowledge of problems with the sensor, Plaintiffs must point to evidence showing that any issues "existed for such a period of time that it would have been discovered if [Lowe's] had exercised reasonable care."[49] The Fifth Circuit has noted that this requirement means that a plaintiff "must come forward with *positive evidence* showing that the damage-causing condition existed for some period of time, and that such time was sufficient to place the merchant defendant on notice of its existence" and that a "claimant who simply shows that the condition existed without also showing that the condition existed for some time before [the accident] has not carried the burden of proving constructive notice . . . ."[50]

Lowe's, as the party seeking summary judgment, bears the initial responsibility of showing the basis for the motion for summary judgment[51] either by "(1) submit[ing] evidentiary documents that negate the existence of some material element of the opponent's claim or defense, or (2) if the crucial issue is one on which the opponent will bear the ultimate burden of proof at trial, demonstrat[ing] that the evidence in the record insufficiently supports an essential element of the opponent's claim or defense."[52] In the instant motion, Lowe's has demonstrated that there is no evidence in the record to show it had notice of the alleged defect, an essential element of Plaintiffs' claims under either Louisiana Civil Code Article 2713.1 or Louisiana Revised Statute

---

[49] *Duncan v. Wal-Mart Louisiana, L.L.C.*, 863 F.3d 406, 409 (5th Cir. 2017).

[50] *Id.* at 409–10 (quoting *White*, 699 So. 2d at 1082–84).

[51] *Celotex*, 477 U.S. at 323.

[52] *Duplantis*, 948 F.2d at 190 (quoting *Little*, 939 F.2d at 1299).

§ 9:2800.6. Lowe's asserts that the doors' sensor was certified as industry compliant by DH Pace, Lowe's had not received any complaints about the doors not working, no similar accident had occurred in the store prior to Ms. Bolin's alleged accident, and the doors had been working properly on the day in question.[53]

Because Lowe's satisfied its initial burden in the instant motion, the burden then shifts to Plaintiffs to "identify specific evidence in the record, and to articulate" precisely how that evidence supports Plaintiffs' claims.[54] Plaintiffs have failed to file an opposition to Lowe's motion for summary judgment and have failed to present any evidence to show that Lowe's had notice of the alleged defect. Therefore, Plaintiffs have failed to prove an essential element of their claims under Louisiana Civil Code 2713.1 and Louisiana Revised Statute § 9:2008.6. Accordingly, there are no genuine issues of material fact in dispute and Lowe's is entitled to judgment as a matter of law.

### V. Conclusion

Considering the foregoing reasons, there are no genuine issues of material fact in dispute and Lowe's is entitled to judgment as a matter of law. Accordingly,

---

[53] Rec. Doc. 41-1 at 9–11.

[54] *Forsyth*, 19 F.3d at 1537; *see also Morris*, 144 F.3d at 380.

**IT IS HEREBY ORDERED** that Lowe's "Motion for Summary Judgment"[55] is

**GRANTED**.

NEW ORLEANS, LOUISIANA, this _30th_ day of April, 2021.

**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[55] Rec. Doc. 41.

11



**EXHIBIT**

A

_____

| | |
|---|---|
| **From:** | owen@courregeslaw.com |
| **To:** | eFile-Brown; bcooper@glllaw.com; gforte@grhg.net; ppolitz@twpdlaw.com; skalis@twpdlaw.com; switman@witmanlaw.com; wlanglois@grhg.net; eFile-Brown |
| **Cc:** | Katie White |
| **Subject:** | RE: 19-11176, Bolin et al. v. Lowe"s Home Centers, LLC et al. |
| **Date:** | Wednesday, January 13, 2021 11:11:08 AM |

**CAUTION - EXTERNAL:**

Judge Brown's Chambers,

I apologize for the lateness of this reply. After conversations with counsel for Lowe's, additional discovery, and the acceptance of Plaintiff's Reply Memorandum to DH Pace's Opposition to Plaintiff's Motion for Partial Summary Judgment, the Plaintiffs have decided not to seek leave to file an opposition to Lowes' Motion for Summary Judgment.

I trust that the other defendants are likewise not opposing Lowes' motion in conjunction with their respective affirmative defenses of third party fault, or that they will file the appropriate pleadings as soon as possible.

Thank you for your patience, and if you have any other questions or concerns regarding this matter, please do not hesitate to contact my office.

Sincerely,
Owen M. Courrèges
Attorney at Law
1450 Josephine Street
New Orleans, LA 70130
PH: (504) 304-7916

CONFIDENTIALITY NOTICE: This e-mail transmission, including attachments, if any, is intended for use only by the addressee(s) named herein and contains confidential and/or privileged information. Any unauthorized review, use, disclosure or distribution is strictly prohibited. If you are not the intended recipient, please notify the sender immediately by reply e-mail or telephone and delete the original and destroy all electronic and other copies of this message. If you are the intended recipient, but do not wish to receive communications through this medium, please advise the sender immediately.