UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ERNESTINE BOLIN and ROBERT BOLIN** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-11176** |
| **LOWE'S HOME CENTERS, L.L.C., ET AL.** | **SECTION: "G"** |

### ORDER AND REASONS

In this litigation, Plaintiffs Ernestine Bolin ("Ms. Bolin") and Robert Bolin ("Mr. Bolin") (collectively, "Plaintiffs") bring suit against Lowe's Home Centers, L.L.C. (Lowe's), Stanley Access Technologies, L.L.C. ("Stanley"), and DH Pace Company, Inc. ("DH Pace") (collectively, "Defendants"), alleging that Ms. Bolin was injured when automatic doors at a Lowe's store in Jefferson, Louisiana, closed on her and caused her to fall.[1] Before the Court is Stanley's "Motion for Summary Judgment."[2] Plaintiffs oppose the motion.[3] Considering the motion, the memoranda in support and opposition, the record, and the applicable law, the Court denies the motion.

### I. Background

On April 22, 2019, Plaintiffs filed a Petition against Lowe's and Stanley in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana.[4] On June 12, 2019, Defendants removed the case to this Court asserting diversity jurisdiction pursuant to 28 U.S.C.

---

[1] Rec. Doc. 1-4; Rec. Doc. 20.

[2] Rec. Doc. 47.

[3] Rec. Doc. 54.

[4] Rec. Doc. 1-4.

1

§ 1332.[5] On December 18, 2019, Plaintiffs filed a First Amended and Supplemental Complaint, adding DH Pace as a defendant.[6]

In the Amended Complaint, Plaintiffs allege that they went to a Lowe's store in Jefferson, Louisiana on April 28, 2018.[7] Plaintiffs claim that Ms. Bolin attempted to walk to Lowe's outdoor garden center through open automatic doors but that the doors closed as she was walking through.[8] Plaintiffs assert that the closing doors hit Ms. Bolin, causing her to fall and injure her head and right hip.[9] Plaintiffs allege that Ms. Bolin was taken by an ambulance to the emergency room where it was determined that Ms. Bolin's hip was broken and needed to be replaced, and that she required several stitches on her head.[10]

Plaintiffs seek damages for Ms. Bolin's physical injuries, pain and suffering, emotional trauma, and loss of enjoyment of life, as well as Mr. Bolin's loss of consortium and mental anguish from witnessing the alleged incident.[11] Plaintiffs bring claims against Lowe's as the alleged premises owner or lessee, Stanley as the company allegedly "responsible for the manufacture and installation . . . of the automatic doors where Ms. Bolin fell," and DH Pace as the company allegedly responsible for the servicing of the automatic doors.[12]

On December 28, 2020, Plaintiffs filed a motion for summary judgment against DH

---

[5] Rec. Doc. 1.

[6] Rec. Doc. 20.

[7] *Id.* at 2.

[8] *Id.* at 3.

[9] *Id.*

[10] *Id.*

[11] *Id.* at 7.

[12] *Id.* at 3–7.

Pace.[13] On the same day, Stanley filed the instant motion for summary judgment against Plaintiffs.[14] On January 5, 2021, Plaintiffs filed an opposition to Stanley's motion for summary judgment.[15] On January 8, 2021, with leave of Court, Stanley filed a reply brief in further support of the instant motion for summary judgment.[16]

## II. Parties' Arguments

### A. *Stanley's Arguments in Support of the Motion for Summary Judgment*

Stanley argues that summary judgment is appropriate because there is no genuine issue of material fact in dispute as to Stanley's liability for the automatic doors that injured Ms. Bolin.[17] Stanley concedes that it designed and manufactured the doors and the doors' sensor.[18] However, Stanley asserts that it stopped servicing the automatic doors on February 1, 2016, when Lowe's entered into a servicing agreement with DH Pace.[19] Stanley alleges that the sensor for the doors was replaced on June 2, 2016 by DH Pace, who was thereafter "solely responsible for its calibration and sensor settings."[20] Stanley contends that only DH Pace serviced the doors during the approximately 23 months between the installation of the sensor and the alleged accident at issue.[21] Stanley avers that DH Pace's inspections during that time revealed no issues with the

---

[13] Rec. Doc. 50.

[14] Rec. Doc. 47.

[15] Rec. Doc. 54.

[16] Rec. Doc. 61.

[17] Rec. Doc. 47-1.

[18] *Id*. at 2.

[19] *Id*. at 3.

[20] *Id*. at 4.

[21] *Id*. at 5.

sensor.[22]

Based on these facts, Stanley argues that it has "satisfied its burden of demonstrating the absence of any genuine issues of material fact that support any finding of liability against it."[23]

### B. *Plaintiffs' Opposition to the Motion for Summary Judgment*

In response to the instant motion for summary judgment filed by Stanley, Plaintiffs state that they "primarily urge that the Court grant its motion for summary judgment against DH Pace."[24] Plaintiffs claim that there is "ample evidence for this result" and if Plaintiffs' motion for summary judgment against DH Pace is granted, "there will be no further claim against Stanley."[25]

In the alternative, Plaintiffs argue that Stanley's motion for summary judgment must be denied because issues of material fact are in dispute as to Stanley's liability.[26] Plaintiffs contend that DH Pace's technician, Mr. Whitley, testified that the sensor on the doors, which was manufactured by Stanley, was defective at the time of his inspection.[27] Plaintiffs argue that under Louisiana law, a manufacturer of a defective product is liable for a reasonably foreseeable injury resulting from the product.[28] Based on Mr. Whitley's findings, Plaintiffs claim, a jury could "allocate some or all of the fault for Ms. Bolin's accident to Stanley."[29]

### C. *Stanley's Arguments in Further Support of the Motion for Summary Judgment*

---

[22] *Id.*

[23] *Id.* at 7.

[24] Rec. Doc. 54 at 7.

[25] *Id.*

[26] *Id.* at 8.

[27] *Id.*

[28] *Id.*

[29] *Id.* at 9.

4

In reply, Stanley contends that none of the experts in the case found that "there was any defect in the design, composition, or manufactur[ing]" of the sensor.[30] Stanley alleges that Mr. Whitely is a fact witness for DH Pace, not an expert witness, and "did not conduct his inspection until June 3, 2020, more than two (2) years after the alleged accident, and more than four (4) years since [Stanley] last performed any service on the doors in question."[31] Thus, Stanley argues, Mr. Whitely's testimony concerning a defect in the sensor does not create a factual dispute as to Stanley's liability.[32]

Stanley further asserts that it "neither installed, calibrated, nor serviced the overhead sensor on the automatic doors in question."[33] Stanley contends that it last serviced the doors on December 31, 2015.[34] Stanley claims that DH Pace installed the sensor in question on June 2, 2016.[35]

### III. Legal Standard for Summary Judgment

Summary judgment is appropriate when the pleadings, discovery, and affidavits demonstrate "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[36] To decide whether a genuine dispute as to any material fact exists, the court considers "all of the evidence in the record but refrains from making credibility determinations

---

[30] Rec. Doc. 61 at 1–2.

[31] *Id.* at 2.

[32] *Id.*

[33] *Id.*

[34] *Id.*

[35] *Id.*

[36] Fed. R. Civ. P. 56(a); *see also Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

or weighing the evidence."[37] All reasonable inferences are drawn in favor of the nonmoving party. Yet "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment."[38] If the entire record "could not lead a rational trier of fact to find for the non-moving party," then no genuine issue of fact exists and, consequently, the moving party is entitled to judgment as a matter of law.[39] The nonmoving party may not rest upon the pleadings.[40] Instead, the nonmoving party must identify specific facts in the record and articulate the precise manner in which that evidence establishes a genuine issue for trial.[41]

The party seeking summary judgment always bears the initial responsibility of showing the basis for its motion and identifying record evidence that demonstrates the absence of a genuine issue of material fact.[42] "To satisfy this burden, the movant may either (1) submit evidentiary documents that negate the existence of some material element of the opponent's claim or defense, or (2) if the crucial issue is one on which the opponent will bear the ultimate burden of proof at trial, demonstrate that the evidence in the record insufficiently supports an essential element of the opponent's claim or defense."[43] If the moving party satisfies its initial burden, the burden shifts to the nonmoving party to "identify specific evidence in the record, and to articulate" precisely how that evidence supports the nonmoving party's claims.[44] The nonmoving party must

---

[37] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398–99 (5th Cir. 2008).

[38] *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985); *Little*, 37 F.3d at 1075.

[39] *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

[40] *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

[41] *See id.*; *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).

[42] *Celotex*, 477 U.S. at 323.

[43] *Duplantis v. Shell Offshore, Inc.*, 948 F.2d 187, 190 (5th Cir. 1991) (quoting *Little*, 939 F.2d at 1299).

[44] *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994), *cert. denied*, 513 U.S. 871 (1994); *see also Morris*

set forth "specific facts showing the existence of a 'genuine' issue concerning every essential component of its case."[45]

The nonmovant's burden of demonstrating a genuine issue of material fact is not satisfied merely by creating "some metaphysical doubt as to the material facts," "by conclusory allegations," by "unsubstantiated assertions," or "by only a scintilla of evidence."[46] Moreover, the nonmoving party may not rest upon mere allegations or denials in its pleadings.[47] Hearsay evidence and unsworn documents that cannot be presented in a form that would be admissible in evidence at trial do not qualify as competent opposing evidence.

## IV. Analysis

Stanley argues that summary judgment is appropriate because there is no genuine issue of material fact in dispute as to its liability for the automatic doors that allegedly closed on Ms. Bolin. Although it manufactured the doors' sensor, Stanley argues that it stopped servicing the automatic doors and the doors' sensor on February 1, 2016, when Lowe's entered into a servicing agreement with DH Pace.[48] Stanley alleges that the sensor for the doors was replaced on June 2, 2016 by DH Pace, who was thereafter "solely responsible for its calibration and sensor settings."[49] In opposition, Plaintiffs first argue that DH Pace, not Stanley, is responsible.[50] Alternatively, Plaintiffs allege the testimony of Mr. Whitley creates a genuine issue of material fact as to whether

---

v. *Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998).

[45] *Morris*, 144 F.3d at 380; *see also Bellard v. Gautreaux*, 675 F.3d 454, 460 (5th Cir. 2012).

[46] *Little*, 37 F.3d at 1075 (internal citations omitted).

[47] *Morris*, 144 F.3d at 380.

[48] Rec. Doc. 47 at 3.

[49] *Id.* at 4.

[50] Rec. Doc. 54.

the sensor manufactured by Stanley was defective.[51]

The Louisiana Products Liability Act ("LPLA"), as codified at Louisiana Revised Statute § 9:2800.52, provides that:

> This Chapter establishes the exclusive theories of liability for manufacturers for damage caused by their products. A claimant may not recover from a manufacturer for damage caused by a product on the basis of any theory of liability that is not set forth in this Chapter.[52]

To state a cause of action under the LPLA, a plaintiff must allege:

> (1) that the product possesses an "unreasonably dangerous" characteristic;
> (2) that this unreasonabl[y] dangerous characteristic proximately caused the plaintiff's damage; and
> (3) that injury arose from a "reasonably anticipated use" of the product.[53]

Under Section 9:2800.54 of the LPLA:

> (B) A product is unreasonably dangerous if and only if:
> (1) The product is unreasonably dangerous in construction or composition as provided in R.S. 9:2800.56;
> (2) The product is unreasonably dangerous in design as provided in R.S. 9:2800.56;
> (3) The product is unreasonably dangerous because an adequate warning about the product has not been provided as provided in R.S. 9:2800.57; or
> (4) The product is unreasonably dangerous because it does not conform to an express warranty of the manufacturer about the product as provided in R.S. 9:2800.58.[54]

Plaintiffs concede that DH Pace was the service provider for the automatic doors starting on February 1, 2016, through the day of the alleged incident.[55] Plaintiffs further concede that a

---

[51] *Id.*

[52] LA. REV. STAT. § 9:2800.52. *See also Aucoin v. Amneal Pharmaceuticals, LLC*, No. 11-1275, 2012 WL 2990697 at *11 (E.D. La. Jul. 20, 2012) (Brown, J.) (applying the LPLA and dismissing all claims not brought under the LPLA as "in contravention of the LPLA's exclusive remedy provision.").

[53] 12 La. Civ. L. Treatise, Tort Law § 16:32 (2d. Ed. 2013) (citing La. Rev. Stat. Ann. § 9:2800.54).

[54] La. Rev. Stat. § 9:2800.52. *See also Grenier v. Med. Eng. Corp.*, 243 F.3d 200, 203 (5th Cir. 2001) (listing the four theories of recovery).

[55] Rec. Doc. 54 at 3.

8

technician employed by DH Pace installed the doors' sensor "that allegedly failed to detect Ms. Bolin and thereby caused the accident."[56] Plaintiffs even concede that their own expert, Ruben Urbina, found that it was sensor's "improper settings," set by DH Pace, and not an issue with the sensor itself that caused the alleged accident.[57]

However, Plaintiffs contend that DH Pace's technician, Mr. Whitley, testified that the sensor on the doors, which was manufactured by Stanley, was defective at the time of his inspection.[58] In his deposition, Mr. Whitely testified that he received a service call to inspect the doors in question at Lowe's on June 3, 2020, over two years after the alleged incident.[59] He stated that he noticed during his inspection of the doors an issue with the sensor.[60] Specifically, he noticed that "if you stood in a particular spot . . .the present sensor would not catch you."[61] Mr. Whitely testified that the sensor's settings were "not on properly" at the time of his inspection.[62] He testified that the improper settings could be responsible for creating the "blind spot" in the sensor.[63] However, Mr. Whitely also testified that even after he adjusted the sensor's settings, the sensor still had a blind spot at which point it would not react to movement.[64] Even when set up correctly, Mr. Whitely testified, the sensor "wasn't working like it should."[65]

---

[56] *Id.*

[57] *Id.* at 4.

[58] *Id.*

[59] Rec. Doc. 54-6 at 9.

[60] *Id.* at 14.

[61] *Id.*

[62] *Id.* at 19.

[63] *Id.* at 20.

[64] *Id.* at 22.

[65] *Id.*

9

Mr. Whitely's testimony is sufficient to create a genuine dispute of material fact. To decide whether a genuine dispute exists, the court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence."[66] Mr. Whitely's testimony that the sensor had a blind spot, even when calibrated to the right settings, creates a factual question as to whether the sensor was defective, thereby raising a factual dispute about Stanley's liability for the alleged accident. On a motion for summary judgment, the Court's only job is to determine if such a dispute exists; credibility determinations are inappropriate. Therefore, because there is a genuine dispute of material fact, the Court denies Stanley's motion for summary judgment.

## V. Conclusion

Considering the foregoing reasons, there are genuine issues of material fact in dispute regarding Stanley's liability for the accident in question. Accordingly,

**IT IS HEREBY ORDERED** that Stanley's "Motion for Summary Judgment"[67] is **DENIED**.

**NEW ORLEANS, LOUISIANA,** this 30th day of April, 2021.

						**NANNETTE JOLIVETTE BROWN**
						**CHIEF JUDGE**
						**UNITED STATES DISTRICT COURT**

---

[66] *Delta & Pine Land Co*, 530 F.3d at 398–99.

[67] Rec. Doc. 47.