## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ERNESTINE BOLIN and** <br> **ROBERT BOLIN** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-11176** |
| **LOWE'S HOME CENTERS, L.L.C., ET AL.** | **SECTION: "G"** |

### ORDER AND REASONS

In this litigation, Plaintiffs Ernestine Bolin ("Ms. Bolin") and Robert Bolin ("Mr. Bolin") (collectively, "Plaintiffs") bring suit against Lowe's Home Centers, L.L.C. (Lowe's), Stanley Access Technologies, L.L.C. ("Stanley"), and DH Pace Company, Inc. ("DH Pace") (collectively, "Defendants"), alleging that Ms. Bolin was injured when automatic doors at a Lowe's store in Jefferson, Louisiana closed on her and caused her to fall.[1] Before the Court is Plaintiffs' "Motion Partial Summary Judgment as to Liability Against Defendant, DH Pace Company, Inc."[2] DH Pace opposes the motion.[3] Considering the motion, the memoranda in support and opposition, the record, and the applicable law, the Court denies the motion.

### I. Background

On April 22, 2019, Plaintiffs filed a Petition against Lowe's and Stanley in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana.[4] On June 12, 2019,

---

[1] Rec. Doc. 1-4; Rec. Doc. 20.

[2] Rec. Doc. 50.

[3] Rec. Doc. 53.

[4] Rec. Doc. 1-4.

Defendants removed the case to this Court asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332.[5] On December 18, 2019, Plaintiffs filed a First Amended and Supplemental Complaint, adding DH Pace as a defendant.[6]

In the Amended Complaint, Plaintiffs allege that they went to a Lowe's store in Jefferson, Louisiana on April 28, 2018.[7] Plaintiffs claim that Ms. Bolin attempted to walk to Lowe's outdoor garden center through open automatic doors but that the doors closed as she was walking through.[8] Plaintiffs assert that the closing doors hit Ms. Bolin, causing her to fall and injure her head and right hip.[9] Plaintiffs allege that Ms. Bolin was taken by an ambulance to the emergency room where it was determined that Ms. Bolin's hip was broken and needed to be replaced, and that she required several stitches on her head.[10]

Plaintiffs seek damages for Ms. Bolin's physical injuries, pain and suffering, emotional trauma, and loss of enjoyment of life, as well as Mr. Bolin's loss of consortium and mental anguish from witnessing the alleged incident.[11] Plaintiffs bring claims against Lowe's as the alleged premises owner or lessee, Stanley as the company allegedly "responsible for the manufacture and installation . . . of the automatic doors where Ms. Bolin fell," and DH Pace as the company allegedly responsible for the servicing of the automatic doors.[12]

---

[5] Rec. Doc. 1.

[6] Rec. Doc. 20.

[7] Id. at 2.

[8] Id. at 3.

[9] Id.

[10] Id.

[11] Id. at 7.

[12] Id. at 3–7.

Case 2:19-cv-11176-NJB-DMD   Document 88   Filed 04/30/21   Page 3 of 12

On December 28, 2020, Plaintiffs filed the instant Motion for Partial Summary Judgment against DH Pace.[13] On January 5, 2021, DH Pace filed an opposition to the motion.[14] On January 12, 2021, with leave of Court, Plaintiffs filed a reply in further support of the motion.[15]

## II. Parties' Arguments

### A.    *Plaintiffs' Arguments in Support of the Motion for Partial Summary Judgment*

Plaintiffs argue that summary judgment is appropriate against DH Pace because "[t]here is simply no issue of material fact as to (i) whether DH Pace was negligent and (ii) their negligence injured Ms. Bolin."[16] Plaintiffs argue first that it is undisputed the automatic doors closed on Ms. Bolin, causing her to fall.[17] Plaintiffs contend that they have "testified consistently" that the doors closed on Ms. Bolin.[18] Additionally, Plaintiffs assert that the surveillance video supports Plaintiffs' testimony.[19] While Plaintiffs concede that the testimony of Emma Scheuermann, a witness to the incident, contradicts Plaintiffs' contention that the doors closed on Ms. Bolin, Plaintiffs argue that this testimony is unreliable and is "internally contradictory and contradicted by the video evidence."[20]

Plaintiffs further argue that it is undisputed that the doors closed on Ms. Bolin because of the negligence of DH Pace.[21] Plaintiffs contend that experts hired by Plaintiffs and Stanley and

---

[13] Rec. Doc. 50.

[14] Rec. Doc. 53.

[15] Rec. Doc. 67.

[16] Rec. Doc. 50-1 at 9.

[17] *Id*. at 11.

[18] *Id*.

[19] *Id*.

[20] *Id*. at 13.

[21] *Id*. at 15.

DH Pace own technician all concluded that the sensor for the automatic doors was improperly set by DH Pace, causing the sensor to provide inadequate coverage for the automatic doors.[22] Plaintiffs concede that one of DH Pace's experts, Mr. Scates, disagrees with the remaining experts analysis, but alleges that Mr. Scates' analysis "is based on claims that fall outside his expertise."[23] Given that there is no genuine issue of material fact in dispute as to DH Pace's liability, Plaintiffs argue that summary judgment is appropriate.

**B.      *DH Pace's Opposition to the Motion for Summary Judgment***

In opposition, DH Pace argues that summary judgment is inappropriate because there are genuine issues of material fact in dispute regarding the alleged incident at Lowe's and DH Pace's liability for Plaintiffs' injuries.[24] DH Pace raises five main arguments in opposition to summary judgment.

First, DH Pace argues that "[t]here is no evidence Ms. Bolin was in the alleged blind spot when the doors allegedly closed on her."[25] Instead, DH Pace asserts that the store's video surveillance "directly contradicts that claim" because it does not show Ms. Bolin in the location of the sensor's alleged blind spot.[26]

Second, DH Pace argues that there is no evidence that the settings on the doors' sensor were incorrect on the day of the alleged incident.[27] DH Paces claims that experts found that the sensor's settings were miscalculated over a year after the incident, but provide no proof that the

---

[22] *Id.*

[23] *Id.* at 16.

[24] Rec. Doc. 53 at 10.

[25] *Id.*

[26] *Id.* at 7, 10.

[27] *Id.* at 11.

sensor was likewise incorrectly set on the day of the incident.[28]

Third, DH Pace contends that a witness, Ms. Scheuermann, saw the incident in question and testified that Ms. Bolin was not hit by the doors but instead lost her balance and fell.[29] DH Pace contends that any credibility determination about Ms. Scheuermann would be inappropriate on a motion for summary judgment and must instead be made by a jury.[30] DH Pace argues that there is no evidence contradicting Ms. Scheuermann's testimony as there is no video footage of the doors hitting Ms. Bolin and the surveillance footage is poor quality.[31]

Fourth, DH Pace argues that there is "conflict" among the experts hired by each party.[32] DH Pace contends that Plaintiffs' expert, Mr. Urbina, "cannot say exactly when or where" the sensor stopped working as measured against the door width.[33] Moreover, DH Pace claims that even if the sensor was set incorrectly, it would still cover all but "10 inches on either side, which is certainly less than the width of a person."[34] This evidence, DH Pace contends, raises a question of fact as to whether the doors' sensor "would have detected Ms. Bolin" even if the settings were incorrect on the day of the incident.[35]

Fifth, and finally, DH Pace alleges that for DH Pace, as a contractor, to be liable, it "must be shown to have not exercised reasonable care and that this breach of duty caused Ms. Bolin's

---

[28] *Id.*

[29] *Id.* at 2, 4.

[30] *Id.* at 2.

[31] *Id.* at 5, 12–13.

[32] *Id.* at 14.

[33] *Id.*

[34] *Id.* at 15.

[35] *Id.*

accident."[36] To prove this breach, DH Pace argues, Plaintiffs must show that DH Pace "owed [Ms. Bolin] a duty, that [DH] Pace failed to exercise its duty, that [DH] Pace's conduct was the cause-in-fact of [Ms. Bolin's] fall, and that the conduct was the legal cause of [Ms. Bolin's] fall."[37] DH Pace argues that Plaintiffs have not presented conclusive evidence to show that DH Pace failed to meet its duty to Ms. Bolin or that DH Pace's actions were the cause-in-fact or legal cause of Ms. Bolin's injury.[38]

Based on these five arguments, DH Pace contends that summary judgment is inappropriate.

## C.   *Plaintiffs' Reply in Further Support of the Motion for Summary Judgment*

In reply, Plaintiffs argue that there is no evidence that the sensor's settings were different on the day they were inspected and the day of the incident.[39] Plaintiffs argue that DH Pace was responsible for calibrating the sensor's settings at the time of the incident and the time of the inspection, and that no one outside of DH Pace employees changes the settings.[40]

Moreover, Plaintiffs argue that Ms. Scheuermann's testimony does not create a genuine dispute of fact because the video surveillance footage of the day in question contradicts her testimony.[41] Plaintiffs concede that the video footage "may be of poor quality and taken from a distance," but argue that "it is still sufficient to show" that Ms. Scheuermann's testimony is

---

[36] *Id.* at 16.

[37] *Id.*

[38] *Id.* at 17.

[39] Rec. Doc. 67 at 2.

[40] *Id.* at 3.

[41] *Id.* at 4–5.

false.[42]

Further, Plaintiffs assert that "there is conflicting testimony between the experts, but none of these conflicts actually create issues of material fact."[43] Plaintiffs contend that all experts agree that the sensor was improperly set with the exception of DH Pace's expert.[44] Plaintiffs argue that DH Pace's expert "is relying on speculation" and that his testimony therefore does not raise a genuine issue of material fact.[45]

Finally, Plaintiffs argue that DH Pace is liable for negligence if the sensor was improperly set.[46] Plaintiffs contend that "[w]ith the bare minimum of effort, DH Pace could have prevented this accident."[47]

### III. Legal Standard for Summary Judgment

Summary judgment is appropriate when the pleadings, discovery, and affidavits demonstrate "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[48] To decide whether a genuine dispute as to any material fact exists, the court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence."[49] All reasonable inferences are drawn in favor of the nonmoving party. Yet "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and

---

[42] *Id.* at 5.

[43] *Id.*

[44] *Id.* at 6.

[45] *Id.*

[46] *Id.* at 7.

[47] *Id.*

[48] Fed. R. Civ. P. 56(a); *see also Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

[49] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398–99 (5th Cir. 2008).

conclusions of law' are insufficient to either support or defeat a motion for summary judgment."[50] If the entire record "could not lead a rational trier of fact to find for the non-moving party," then no genuine issue of fact exists and, consequently, the moving party is entitled to judgment as a matter of law.[51] The nonmoving party may not rest upon the pleadings.[52] Instead, the nonmoving party must identify specific facts in the record and articulate the precise manner in which that evidence establishes a genuine issue for trial.[53]

The party seeking summary judgment always bears the initial responsibility of showing the basis for its motion and identifying record evidence that demonstrates the absence of a genuine issue of material fact.[54] Where the nonmovant bears the burden of proof at trial, "the movant may either (1) submit evidentiary documents that negate the existence of some material element of the opponent's claim or defense, or (2) if the crucial issue is one on which the opponent will bear the ultimate burden of proof at trial, demonstrate that the evidence in the record insufficiently supports an essential element of the opponent's claim or defense."[55] If the moving party satisfies its initial burden, the burden shifts to the nonmoving party to "identify specific evidence in the record, and to articulate" precisely how that evidence supports the nonmoving party's claims.[56]

However, "where the movant bears the burden of proof at trial, the movant 'must establish beyond peradventure all of the essential elements of the claim or defense to warrant judgment in

---

[50] *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985); *Little*, 37 F.3d at 1075.

[51] *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

[52] *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

[53] *See id.*; *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).

[54] *Celotex*, 477 U.S. at 323.

[55] *Duplantis v. Shell Offshore, Inc.*, 948 F.2d 187, 190 (5th Cir. 1991) (quoting *Little*, 939 F.2d at 1299).

[56] *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994), *cert. denied*, 513 U.S. 871 (1994); *see also Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998).

his favor. Once the movant does so, the burden shifts to the nonmovant to establish an issue of fact that warrants trial.'"[57]

## IV. Law and Analysis

Plaintiffs urge this Court to grant summary judgment on the issue of DH Pace's liability for Ms. Bolin's injuries. Plaintiffs argue that summary judgment is appropriate because it is indisputable that (i) Ms. Bolin's injuries were caused by the automatic doors at Lowe's closing on her as she walked through them and (ii) DH Pace's negligence caused the automatic doors to close on Ms. Bolin.[58] In opposition, DH Pace argues that summary judgment would be inappropriate at this stage of litigation because there are factual issues in dispute that must be decided at trial.[59]

Plaintiffs bear the burden of proof at trial. Therefore, to prevail on the instant motion for summary judgment, they must "establish beyond peradventure all of the essential elements of the claim or defense to warrant judgment in [their] favor."[60] Only if Plaintiffs can do so successfully does the burden shift to DH Pace to show that there remains an issue of fact such that summary judgment would be inappropriate. Plaintiffs bring negligence claims against DH Pace.[61] To prove negligence under Louisiana law, Plaintiffs must show that (i) DH Pace owed Plaintiffs a duty, (ii) DH Pace breached this duty, (iii) this breach was the cause-in-fact of Plaintiffs' injuries, (iv) this breach was the legal cause of Plaintiffs' injuries, and (v) Plaintiffs were injured.[62]

---

[57] *Lyons v. Katy Indep. Sch. Dist.*, 964 F.3d 298, 302 (5th Cir. 2020).

[58] Rec. Doc. 50-1.

[59] Rec. Doc. 53.

[60] *Lyons*, 964 F.3d at 302.

[61] *See* Rec. Doc. 20 at 6.

[62] La. Civ. Code art. 2315; *Lemann v. Essen Lane Daiquiris, Inc.*, 2005-1095 (La. 3/10/06), 923 So. 2d 627, 632–33 (citing *Mathieu v. Imperial Toy Corporation*, 94-0952 (La. 11/30/94), 646 So. 2d 318, 321); *see also*

Succinctly stated, Plaintiffs have failed to meet their burden. Plaintiffs concede that there is a witness in this case, Emma Scheuermann, whose testimony contradicts Plaintiffs' claims and draws doubt on DH Pace's liability.[63] Ms. Scheuermann testified that she witnessed Ms. Bolin fall prior to reaching the automatic doors.[64] Ms. Scheuermann testified that "[a]s a matter of fact, I know she didn't reach the doors," and testified that she did not see the automatic doors close on Ms. Bolin.[65] When asked if she believed Ms. Bolin "began to fall . . . or lose her balance before she reached the automatic doors," Ms. Scheuermann responded "[y]es."[66] This testimony clearly undercuts Plaintiffs' arguments concerning the cause of Ms. Bolin's injuries and thus, DH Pace's liability. While Plaintiffs urge this Court to judge the credibility of Ms. Scheuermann and weigh parts of her testimony against inconclusive surveillance videos,[67] to do so would be inappropriate at the summary judgment stage. "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions."[68]

Moreover, there are factual issues in dispute regarding whether DH Pace's alleged negligence caused the doors to close on Ms. Bolin. Plaintiffs contend that experts hired by Plaintiffs and Stanley and DH Pace's own technician all concluded that the sensor for the

---

*Westchester Fire Ins. Co. v. Haspel-Kansas Inv. P'ship*, 342 F.3d 416, 419 (5th Cir. 2003).

[63] Rec. Doc. 50-1 at 13.

[64] Rec. Doc. 53-5 at 16.

[65] *Id*. at 16, 18.

[66] *Id*. at 28.

[67] Rec. Doc. 50-1 at 13–15. While Plaintiffs allege that the surveillance footage is "objective, irrefutable evidence" that contradicts Ms. Scheuermann's testimony thereby making it "impossible for her testimony to be true," Plaintiffs also categorize the footage as "of poor quality and from a poor and distant angle" and "of poor quality and taken from a distance." Rec. Doc. 50-1 at 15; Rec. Doc. 67 at 5. The surveillance footage does not provide conclusive proof that the automatic doors caused Ms. Bolin's injuries.

[68] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

automatic doors was improperly set by DH Pace, causing the sensor to provide inadequate coverage for the automatic doors.[69] DH Pace's technician, Mr. Whitley, testified that the sensor's settings were "not on properly" at the time of his inspection.[70] However, Mr. Whitley also testified that even after he adjusted the sensor's settings, the sensor still had a blind spot at which point it would not react to movement.[71] Even when set up correctly, Mr. Whitley testified, the sensor "wasn't working like it should."[72] As discussed in the Order denying Stanley's motion for summary judgment, Mr. Whitley's testimony that the sensor had a blind spot, even when calibrated to the right settings, creates a factual question as to whether the sensor was defective, thereby raising a factual dispute about whether Stanley (the manufacturer of the sensor) or DH Pace (the service provider) could be held liable for the accident in question.

## V. Conclusion

For the foregoing reasons, there are genuine issue of material fact in dispute as to whether DH Pace's alleged negligence caused Plaintiffs' injuries. Therefore, summary judgment is inappropriate. Accordingly,

---

[69] Rec. Doc. 50-1 at 15.

[70] Rec. Doc. 54-6 at 19.

[71] *Id.* at 22.

[72] *Id.*

   **IT IS HEREBY ORDERED** that Plaintiffs Ernestine Bolin and Robert Bolin's "Motion Partial Summary Judgment as to Liability Against Defendant, DH Pace Company, Inc."[73] is **DENIED**.

   **NEW ORLEANS, LOUISIANA,** this ___30th___ day of April, 2021.

                                        _Nannette Jolivette Brown_
                                        _____
                                        **NANNETTE JOLIVETTE BROWN**
                                        **CHIEF JUDGE**
                                        **UNITED STATES DISTRICT COURT**

---

[73] Rec. Doc. 50.